UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CURTIS L. WESTBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02677-SEB-DLP |
| | ) | |
| CABELAS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT**

Plaintiff Curtis L. Westbrook, appearing *pro se*, filed this lawsuit and moved for leave to proceed *in forma pauperis*. That motion has previously been granted.

**Screening the Complaint Under 28 U.S.C. § 1915**

When a plaintiff is allowed to proceed *in forma pauperis*, the Court has an obligation to ensure that his complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* Dismissal under this statute involves an exercise of the Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Stated differently, it is not enough for Mr. Westbrook to say that he has been illegally harmed. He must also state enough facts in his complaint for the Court to infer the possible ways in which the named Defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints such as that filed by Mr. Westbrook are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

Mr. Westbrook is suing Cabela's, located in Noblesville, Indiana, and the store's manager, Brian Crawford, under 42 U.S.C. § 1983. Mr. Westbrook alleges that, on March 29, 2020, he purchased a .22 caliber long gun from Henry Rifles and had it shipped to Cabela's. On April 8, 2020, Cabela's phoned him to inform him that the long gun had arrived and was ready for pickup. Mr. Westbrook made three trips to Cabela's but, for reasons not described in the complaint, he never received the weapon on any of those occasions. On August 8, 2020, he was finally informed at the store by Mr. Crawford that he "would not be receiving the weapon and that they had returned it to

Henry Rifles on August 1st, 2020." Compl. at 3.  Mr. Westbrook alleges that, by refunding him the purchase price rather than delivering the long gun, Cabela's and Mr. Crawford violated his right to bear arms, guaranteed by the Second Amendment to the United States Constitution.

To bring a claim under § 1983, however, Mr. Westbrook must show that Defendants were acting under color of law.  Here, Mr. Westbrook has sued Cabela's, a private business, and one of its staff members without asserting that either was acting under color of law when they allegedly harmed him.  Without an act "fairly attributable to the State," there can be no action under § 1983.  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quotation marks and citation omitted).  For the conduct of a private entity or individual to be considered state action, "there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly treated as that of the State itself."  *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (quotation marks and citations omitted).  Mr. Westbrook has alleged no such nexus here.

For these reasons, Mr. Westbrook has failed to state a claim for which relief may be granted and his complaint must therefore be dismissed. We will provide Mr. Westbrook an opportunity to file an amended complaint that resolves the deficiencies cited in this entry, if possible.  If Plaintiff does not file a new complaint within forty (40) days of the date of this order, we will dismiss his lawsuit with prejudice, meaning, it will be over for good.

**Conclusion and Order**

For the reasons given above, Plaintiff's complaint, Dkt. 1, is DISMISSED WITHOUT PREJUDICE. Plaintiff must file an amended complaint WITHIN FORTY DAYS of the date of this order or he will lose his lawsuit for good.

IT IS SO ORDERED.

Date: _____10/21/2020_____     _____*Sarah Evans Barker*_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CURTIS L. WESTBROOK
1208 S. Madison St.
Muncie, IN 47302